No. 12,757.

JUTTEN *v.* DEEBLE.
(295 Pac. 496)

Decided January 19, 1931.

Mr. CARL J. SIGFRID, for plaintiff in error.

Messrs. STIVERS & STRANG, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

John Deeble and Henry Jutten made an oral contract whereby the former agreed to sell and the latter agreed to buy two lots and a house in Montrose. Claiming that Jutten refused to carry out the contract, Deeble sued Jutten for specific performance of the contract and obtained the decree he sought.

Counsel for Jutten says that there are several reasons why the judgment should be reversed.

1. It is said that there was no contract because there was no meeting of minds; that Deeble understood that the purchase price was $1,600, whereas Jutten understood that it was $1,500. The evidence was conflicting, and the court found that there was a contract and that the consideration was $1,600. That finding is conclusive; we cannot disturb it.

2. Jutten pleaded the statute of frauds, claiming that because of that statute the contract, being oral, is unenforceable. But Jutten paid $100 on the purchase price, and Deeble ousted his tenant from the premises and, pursuant to the terms of the contract, delivered possession to Jutten. In his answer Jutten alleges that "under and by virtue of said agreement defendant entered into the possession of said premises on the 9th day of September, 1929." The trial court found from the evidence that Jutten remained in possession until May 17, 1930, about five months after this suit was commenced. It appears, therefore, that there was a partial performance of the contract within the meaning of section 5109 of the Compiled Laws, which provides: "Nothing in this chapter contained shall be construed to abridge the powers of courts of equity to compel the specific performance of agreements, in cases of part performance of such agreement."

3. The remaining objection is that the findings

of the trial court do not support the decree. At first the trial court was of the opinion that the contract was unenforceable because certain writings relied upon by Deeble as constituting a contract, or a note or memorandum thereof, required by the statute of frauds (C. L. §5107), did not comply with the requirements of that statute. At that time the court thought that the effect of Jutten's occupancy of the premises was merely to make Jutten liable for rent. Later the trial court took the correct view that there was a partial performance within the meaning of section 5109, supra, and signed a decree of specific performance.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.